## No. 19,036.

### PEOPLE OF THE STATE OF COLORADO, EX REL THE TOWN OF CHERRY HILLS VILLAGE *v.* EUGENE CERVI.

(356 P. [2d] 241)

Decided October 31, 1960

Mr. Robert P. Davison, Mr. Kenneth D. Hubbard, for plaintiff in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE Town Police Magistrate found Cervi guilty of violating a town traffic ordinance regulating the speed of vehicles. Cervi appealed to the County Court of Arapahoe County, where judgment was entered against the Village and in favor of Cervi. The Village seeks to review this judgment by writ of error.

Before entering judgment, the court made specific findings that "the speed of Mr. Cervi's car was * * * a reasonable and prudent speed under the conditions" and held further that, assuming that the area involved was residential, "the prima facie presumption that the speed is 30" is "by the evidence" rebutted. At no point did the court rule on the validity of the ordinance under which Cervi was charged.

The judgment of the trial court finding Cervi not guilty was on the merits and concluded the litigation between the parties. There is no right in the Village to appeal from any such judgment. C.R.S. '53, 139-36-3. That section reads:

"No municipality shall have any right to appeal from any judgment of a municipal court concerning a violation of any charter provision or ordinance, but no provision hereof shall be construed to prevent a municipality from maintaining any action to construe, interpret, or determine the validity of any ordinance or charter provision involved in such proceeding."

If it be contended that this proceeding is one "to construe, interpret, or determine the validity of" the town ordinance involved, the question is moot as counsel for the village admitted in oral argument that the ordinance under which Cervi was charged has been repealed and a new one passed, with the approval of the State Highway Engineer, as provided in C.R.S. '53, 13-4-33, 34, and C.R.S. '53, 120-13-35.

There being nothing in the record for determination by this court, the writ of error is dismissed.

Mr. Justice Hall and Mr. Justice Frantz concur.